## MAYER, KAHN & FREIBERG v. S. J. FLANAGAN.

### No. 1020.

**1.  Trade Mark not Assignable, When.**

Where a trade mark is a personal one, designating a particular person and his reputation and skill, it can not be truthfully used by any other person, and consequently can not be assigned.

**2.  Same—Illustration.**

F., the successor of one J. F. Magale, a wholesale dealer in Monarch whiskey, continued the business in the firm name of J. F. Magale, and devised a trade mark made by stamping on the barrels, above the brand of the manufacturers, the brand "Magale's," so that it then read "Magale's Monarch Whiskey"—the name of Magale giving value to the whiskey because of his reputation for integrity. Having ceased to carry on the business, F. assigned the trade mark or brand by contract to a third person. Held, that the assignment was against public policy and void, and the contract therefor without consideration.

ERROR from Galveston.     Tried below before Hon. WILLIAM H. STEWART.

*Davidson & Minor,* for plaintiffs in error.—1.  The court erred in overruling the third special exception of said defendants to said petition, which special exception is as follows: "It appears from said petition, and from the contract therein set forth, the contract alleged to have been made by plaintiff with the firm of Freiberg, Klein & Co., was and is contrary to law, and of no force or effect as between said parties. Browne on Trade Marks, sec. 361; Samuel v. Berger, 24 Barb. (N. Y.), 163; Manhattan Medicine Co. v. Wood, 108 U. S., 218; Connell v. Reed, 128 Mass., 477; Gilliam v. Hunnewell, 122 Mass., 139; Coleman v. Crump, 70 N. Y., 537; 26 Am. Ency. of Law, 374, and authorities cited in notes.

2.  The alleged trade mark upon which said contract was founded, was not a trade mark, but was simply and only the name of said J. F. Magale, placed on packages or barrels containing whisky sold exclusively by him, and could not be sold or transferred to Freiberg, Klein & Co., or to the defendants, Mayer, Kahn & Freiberg, and the contract with reference to said assignment and transfer was contrary to public

policy and without consideration, and void, and of no effect. Delaware v. Canal Co., 13 Wall, U. S., 311; Manhattan Med. Co. v. Wood, 108 U. S., 218; Avery v. Meikle, 81 Ky., 73; Larrabee v. Lewis, 67 Ga., 562; Candee v. Deere, 54 Ill., 439; Parlett v. Guggenheimer, 67 Md., 542.

*Joseph H. Wilson* and *Russell W. Honk,* for defendants in error.—1. The transfer of a right to use a trade mark in the same manner and upon the same class of goods as sold by the original inventor, is a valid transfer and not against public policy. "The property or right to a trade mark may pass by assignment, or by operation of law, to any one who takes at the same time the right to manufacture or sell the particular merchandise to which said trade mark has been attached." 26 Am. & Eng. Ency. of Law, 379, 375; Dixon v. Guggenheim, Am. Trade Mark Cases, 559.

2. Before a contract will be considered against public policy it must be shown that the public will be injuriously affected thereby. 60 Texas, 549. And if Mayer, Kahn & Freiberg used the brand on the same grade of whisky that Flanagan did, the public would not be injuriously affected; if they did not, it was their own wrong, and they can not take advantage of it.

GARRETT, CHIEF JUSTICE.—In January, 1890, and for sometime prior thereto, S. J. Flanagan was a wholesale liquor dealer, doing business under the firm name of J. F. Magale, and as such dealer he bought and sold whisky manufactured by R. Monarch & Co., of Owensboro, Ky. He devised a brand or trade mark for himself which he stamped on the barrels containing such whisky, above the brand of R. Monarch & Co. The brand was "Magale's," and when stamped on the packages would make the brand read "Magale's Monarch Whisky," or it might be applied to other brands of whisky manufactured by R. Monarch & Co. The business had been established by J. F. Magale, who afterwards died. Flanagan succeeded to the business, and himself devised the brand or trade mark. The name of "Magale" gave the whisky value because of his general reputation for integrity and honesty in his dealings with his customers and in all business transactions. About January 18, 1890, Flanagan ceased to do business, and on that date entered into a contract with Freiberg, Klein & Co. by which he undertook to assign to them said brand or trade mark in consideration of the payment by them to him at the end of each year of the sum of $250 per annum, and $4 a barrel for all of said "Monarch" whisky that might be sold in excess of 100 barrels during the year, for the term of five years, with the privilege on the part of said Freiberg, Klein & Co. to renew the contract for another period of five years, at the end of which time said brand or trade-mark should become their property. Freiberg, Klein & Co. afterwards became insolvent, and about January, 1893, with the consent and approval of Flanagan, they assigned their

contract with him to Mayer, Kahn & Freiberg, in consideration of which the latter firm paid them the sum of $250, and agreed to pay Flanagan all sums that should become due him under the contract.   Mayer, Kahn & Freiberg paid Flanagan nothing.

This suit was brought by Flanagan February 12, 1894, against both firms to recover of Freiberg, Klein & Co. the sum of $250 for the annuity of 1892, and $400 royalty on the sale of 200 barrels of whisky for that year; and of Mayer, Kahn & Freiberg the sum of $500 for the years 1893 and 1894, and $800 royalty for 300 barrels sold.   But if the court should be of the opinion that Mayer, Kahn & Freiberg were not liable, they asked judgment against Freiberg, Klein & Co. for the entire amount.

The latter suffered judgment by default.   Mayer, Kahn & Freiberg, after demurring both generally and specially, pleaded under oath, that the contract was against public policy and void, as calculated to deceive the customers of Freiberg, Klein & Co. and their own and the public generally; also, that it was without consideration.

Judgment was rendered by default against Freiberg, Klein & Co. for the sum of $250, and on trial without a jury, for $250 against Mayer, Kahn & Freiberg.

The defendant in error, as the selector and seller of the whisky of R. Monarch & Co., had the right to devise and use a brand or trademark to designate to the trade such whisky purchased by him from that firm as his firm should sell.   26 Am. & Eng. Encyc. Law, 361.   But the primary function of a trade mark is to indicate ownership and origin, and unless this is truthfully done, it becomes a means of fraud upon the public and will not be protected.   And if a trade mark is a personal one, designating a particular person and his reputation and skill, it cannot truthfully be used by any other person, and consequently cannot be assigned.   26 Am. & Eng. Encyc. Law, 371.   The brand or trade mark, "Magale's Monarch Whisky," was personal to the firm of J. F. Magale, since it derived its value from the known skill, integrity and honesty of the firm of J. F. Magale in selecting good whisky and selling it without adulteration.   By their use of the trade mark, the plaintiffs in error deceived their customers with the representation that the whisky upon which it was used was selected and sold by the firm of J. F. Magale, which was not the truth, and was not intended to be the truth by the contract of assignment.   It would be against public policy to enforce such a contract.   Again, since the defendant in error could not assign the trademark, the contract was without consideration, and could not be enforced on that account.

Since the plaintiff, Flanagan, cannot maintain his action, it is unnecessary to pass upon the other questions presented.   The judgment of the court below will be reversed and judgment here rendered in favor of the plaintiffs in error.

*Reversed and remanded.*

Delivered February 20, 1896.

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—Defendant in error himself composed the firm of J. F. Magale, and the brand, "Magale's Monarch Whisky," indicated Monarch whisky selected and sold by the firm of J. F. Magale. When the brand was sold to the plaintiffs in error, there was no sale of the business of J. F. Magale to them, nor was it intended that Flanagan, the constituent of the firm of J. F. Magale, should continue to select the whisky sold by plaintiffs in error, so the brand, when used by Mayer, Kahn & Freiberg, would not speak truly, for it would not be upon the whisky selected and sold by the firm of J. F. Magale, nor was it intended to be so placed, but on the contrary to be put on whisky selected and sold by plaintiffs in error. Flanagan may have believed ever so much that he had the right to sell the brand for use by plaintiffs in error, and he may not have intended to deceive, and the court does not find that he did so intend, but the transaction could have no other effect than to deceive and mislead the customers of Freiberg, Klein & Co. into the belief that they were buying Monarch whisky selected by the firm of J. F. Magale. Such being the effect, the law characterizes the transaction, and pronounces it against public policy.

We see no reason to change the result heretofore reached by the court, and the motion for rehearing will be overruled.

Overruled.

Delivered March 19, 1896.

Writ of error refused.